THOMAS N. ADAMS, executor of the last will and testament of Margaret Norcross, deceased,

*v.*

EFFIE H. WOOLMAN, GEORGE S. WOOLMAN, LOUISA N. NOR-
CROSS, CHARLES N. RAYMOND, STANLEY RAYMOND,
ALICE R. WHITEHEAD, GEORGE H. WHITEHEAD, IRA
CONDIT CLARK, E. LOUISE CLARK, ELLEN SCHUYLER
CLARK and STAATS V. D. CLARK, administrator of the
estate of Annie B. Clark.

M. N. gave two-fifths of her estate, consisting of personalty, to the executor of her will in trust, to invest the same and apply the income of one of said fifths first to the payment of a debt of her son J. D. N., to one of his sisters,

who was also a daughter of the testatrix, and, after that debt should be satisfied, to pay the income to J. D. N. during his life and, after his death, to divide the principal of said fifth among the children of J. D. N., share and share alike. J. D. N. had four children, all of whom were living at the death of the testatrix, but only two of whom survived him.—*Held*, that at the death of the testatrix each of the four children of J. D. N. took a vested remainder in the one-fourth of the principal moneys of the one-fifth, after the trust estate for the life of his or her father.

On bill and answers.

*Mr. Mark R. Sooy*, for the complainant.

*Mr. Garret D. W. Vroom*, for Alice R. Whitehead.

*Mr. Alan H. Strong*, for Staats V. D. Clark, administrator of Annie B. Clark.

*Mr. Charles K. Chambers*, for Louisa N. Norcross.

*Mr. Samuel A. Atkinson*, for Effie H. Woolman.

*Mr. James H. Van Cleef*, for Ira C. Clark, guardian of E. Louise Clark and Ellen Schuyler Clark.

THE CHANCELLOR.

Margaret Norcross, the widow of William Norcross, died in March, 1875, having made her will on the 26th of December, 1872, in and by which she made provision in this language:

"Item.—After the payment of my just debts and charges as aforesaid I dispose of my estate as follows:—

"I give and devise two equal fifth parts of all my estate of every kind and description whatsoever, and wheresoever the same may be situate (excepting that part thereof which is hereinafter specifically bequeathed for the use of Jacob P. Bunting and his wife during their lives and to their children after their decease) unto the said Thomas N. Adams, his executor or executors, administrator or administrators and the survivor of them—To have and to hold the same to the uses following, and to no other use or purpose whatever, viz.:— to pay the annual interest or income arising and accruing out of the one equal fifth part of my said estate, after the same shall have been carefully invested

by the said Thomas N. Adams, into the hands of my beloved son John D.. Norcross during the term of his natural life, taking his separate receipt therefor and, as soon as conveniently can be after his decease, to pay and divide said equal one fifth part among his children in equal proportions share and share alike.

"To pay the annual interest or income arising and accruing out of the other one fifth part of my said estate, after the same shall have been carefully invested as aftersaid, into the hands of my beloved son William H. Norcross during the term of his natural life, taking his separate receipt therefor and, as soon as conveniently can be after his decease, to pay and divide said one fifth part of my said estate among his children in equal proportions share and share alike."

By the will the testatrix then gave one-fifth of her estate (excepting thereout that which she secured to Bunting and wife) to each of her children, Robert S. Norcross, Harriet E. Adams and Margaret F. Gould, and directed that Jacob P. Bunting and his wife might occupy a dwelling at the village of Crosswicks, in Burlington county, for their lives, and that her interest in that property should go to the children of Bunting and wife upon the decease of their parents.

On the 6th of September, 1873, the testatrix made a codicil to her will, which, after an express ratification of the will, except so far as it is changed by the codicil, proceeded as follows :

"Whereas my said son John D. Norcross on the seventh day of April last borrowed of my daughter Margaret F. Gould wife of Robert S. Gould, the sum of two thousand five hundred dollars, now I do hereby order and direct my trustee named in my said will, in the event of the said John D. Norcross not having paid to said Margaret F. Gould, at the time of my decease, the full amount so borrowed of her as aforesaid, to appropriate and pay to said Margaret F. Gould, out of the income arising and accruing from the one fifth part of my said estate so ordered in my said will to be invested for the benefit of my said son John D. Norcross, annually and every year such an amount of said income as shall be sufficient to pay the said Margaret F. Gould the principal and interest in full of the said sum so borrowed of her as aforesaid until the same shall be fully paid and satisfied. After said debt shall be fully paid and satisfied as aforesaid I then order and direct the said trustee named in my said will to pay the income thereafter arising and accruing from said one fifth part of my said estate into the hands of my said son John D. Norcross during the term of his natural life taking his separate receipt therefor ; and as soon as conveniently can be after his decease (provided said debt to the said Margaret F. Gould shall then be fully paid and if not then after the same shall be fully

paid and satisfied from said income as aforesaid) to pay and divide the principal sum of said one fifth part of my said estate with any accrued interest, among the children of my said son John D. Norcross in equal proportions share and share alike."

The will and codicil were duly proved on the 28th of February, 1877, and the complainant, who was appointed executor and trustee thereunder, assumed the duties of his office. Margaret F. Gould was repaid her loan of $2,500 in full, the last payment being made on the 5th of November, 1884. On the 18th of August, 1891, John D. Norcross died. The one-fifth part of the estate of Margaret Norcross, which was set apart in trust for her son John consists entirely of personalty, and is now invested in securities valued at $9,548.52.

John had four children, all of whom were living at the death of his mother, to wit, the defendants Effie H. Woolman and Louisa N. Norcross, surviving their father, and Alice Raymond and Annie B. Clark, who predeceased their father.

Alice Raymond died on the 29th of September, 1890, leaving her surviving her husband, Charles Raymond, her daughter Alice R. Whitehead, who is the wife of George H. Whitehead, and her son, Stanley Raymond.

Annie B. Clark died in March, 1878, leaving her surviving her husband, Ira Condit Clark, and her two daughters, E. Louise Clark and Ellen Schuyler Clark.

Effie H. Woolman and Louisa N. Norcross now claim that, as they were the only surviving children of their father at his death, they are entitled to divide between them the one-fifth of the estate which, under their grandmother's will, was held in trust for their father. On the other hand, it is claimed, in behalf of those who represent the deceased daughters of John D. Norcross, that the principal of the one-fifth held in trust for their father vested in his several children, subject to the life estate, at the death of their grandmother, and consequently that it should now be divided and distributed in four equal parts instead of two equal parts. The executor is in doubt as to his duty in the premises, and hence asks the direction of this court.

I am of opinion that this case is within the rule stated and explained by Vice-Chancellor Wigram, in *Peckham* v. *Gregory*, *4 Hare 398*, as follows :

"If there is a gift to a person at twenty-one, or on the happening of any event, or a direction to pay and divide when a person attains twenty-one, there the gift being to persons answering a particular description, if a party cannot bring himself within it, he is not entitled to take the benefit of the gift. There is no gift in those cases, except in the direction to pay, or in the direction to pay and divide. But if, upon the whole will, it appears that the future gift is only postponed to let in some other interest, or, as the court has commonly expressed it, for the benefit of the estate, the same reasoning has never been applied to the case. The interest is vested notwithstanding, although the enjoyment is postponed."

This rule has the endorsement of our court of errors and appeals, in *Post* v. *Herbert's Executors, 12 C. E. Gr. 540,* and, without question, is established in this state. I think that its application in this case is very plain.

The testatrix disposed of her estate for the benefit of her family. She recognized that her bounty should be bestowed equally upon her children, yet, for undisclosed reasons, she was unwilling to entrust to two of her sons the principal of their shares. She preferred to give that principal to the children of the sons and only its beneficial life use to the sons. Hence she transferred the shares that the sons would respectively have taken to a trustee, to invest and collect the income and pay it to the sons, and after such benefit of the sons respectively should cease, to divide the principal of the several portions among the respective children of the sons in equal shares. The trust was the arrangement by which execution of the purpose of the testatrix was secured. It assured to the sons the life enjoyment of the product of the respective funds and to the grandchildren the unimpaired principal.

By the codicil the share of John D. Norcross was devoted to the further temporary purpose of repaying a loan that John had had from one of his sisters, and the enjoyment of that share by

Adams *v.* Woolman.

either John or his children was postponed until repayment of the sister's loan should be accomplished.

The reason for the postponement of the payment of the legacy to the children of John, then, was to accomplish the double purpose of satisfying a debt from John to his sister and making provision for John's comfort during his life. But for this double purpose the payment to the children would have been immediate. The ground of postponement did not arise from any consideration, circumstance or contingency personal to the children. It was not to determine who should ultimately take as legatees, but to subserve a temporary arrangement for the benefit and security of members of the family of the testatrix—her son, her daughter and her son's children—in the manner I have indicated.

I do not distinguish this case, in principle, from the case of *Perrine* v. *Newell, 4 Dick. Ch. Rep. 57*, where I applied the rule now invoked.

It follows that the children of John D. Norcross took vested estates at the death of the testatrix, not as joint tenants to be represented by the survivors at the distribution, but severally, because the direction to " divide " among them " share and share alike " undoubtedly imports an intended severance of interest. *Hawk. Wills 111; 2 Wms. Ex. 1462; 2 Rop. Leg. 1359.*

The complainant will be directed to divide the fund in question into four equal parts, and pay one part to each living child of John D. Norcross and one part to the personal representative of each dead child. The husbands or next of kin of the deceased daughters will take through such representatives in due course of the administration of their decedents' estates.